# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RYAN J. FISHMAN,** | ) | |
| | ) | |
| **Plaintiff/Counterclaim** | ) | |
| **Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-11058** |
| | ) | |
| **BERKSHIRE LIFE INSURANCE** | ) | **Judge Mark A. Goldsmith** |
| **COMPANY OF AMERICA,** | ) | |
| | ) | |
| **Defendant/Counterclaim** | ) | |
| **Plaintiff.** | ) | |

## THE BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA'S LAY WITNESS LIST

Defendant, BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

("Berkshire"), by and through its attorneys, Elizabeth G. Doolin, hereby serve its

Lay Witness List for Trial:

### Preliminary Statement

Fact discovery is continuing in this case and this Lay Witness List identifies

the witnesses Berkshire reserves the right to call at trial. This Lay Witness List is

based on the information currently and reasonably available to Berkshire. To the

extent Berkshire learns of additional fact witnesses during the course of the

remaining discovery and/or it learns of additional relevant topics about which any

identified witnesses may testify at trial, Berkshire reserves the right to supplement

this Lay Witness List at any time prior to the submission of the Final Pretrial Order.

Berkshire reserves the right to call any of the live witnesses identified on Plaintiff's

witness list to support Berkshire's case at trial.

Berkshire identifies the following individuals as witnesses that it may call to

testify live at trial:

1. Plaintiff Ryan J. Fishman may testify about the facts and circumstances relating to the allegations set forth in the Complaint, Berkshire's Answer and Affirmative Defenses, and Berkshire's Counterclaim, including, but not limited to, the details of Plaintiff's application for disability insurance from Berkshire, Plaintiff's misrepresentations in his application for disability insurance from Berkshire, Plaintiff's occupation, Plaintiff's medical history and conditions, Plaintiff's criminal indictment and Case No. 21YB0854, *State of Michigan v. Ryan J. Fishman et al.*, the conditions of Plaintiff's bond, the issuance of Policy No. Z04600540 (the "Policy") and Berkshire's rescission of the Policy.

2. Insurance Broker Ari David Fischman, may testify about about the facts and circumstances relating to the allegations set forth in the Complaint, Berkshire's Answer and Affirmative Defenses, and Berkshire's Counterclaim, including, but not limited to, the details of Plaintiff's application for disability insurance from Berkshire, Plaintiff's misrepresentations in his application for disability insurance from Berkshire, and the nature of Mr. Fischman's role as an independent insurance broker for Plaintiff.

3. Dennis P. McManus, FLMI, Claims Solution Owner V, Claims Services and Solutions Group, Individual Markets, Berkshire Life Insurance Company of America,

may testify about the facts and circumstances relating to the allegations set forth in the Complaint, Berkshire's Answer and Affirmative Defenses, and Berkshire's Counterclaim, including, but not limited to, the details of Plaintiff's application for disability insurance from Berkshire, Plaintiff's misrepresentations in his application for disability insurance from Berkshire, Plaintiff's occupation, Plaintiff's medical history and conditions, Plaintiff's criminal indictment and Case No. 21YB0854, *State of Michigan v. Ryan J. Fishman et al.*, the conditions of Plaintiff's bond, Berkshire's review of Plaintiff's claim, Berkshire's investigation into the misrepresentations made by Plaintiff in his application for the Policy, the issuance of the Policy and Berkshire's rescission of the Policy.

4.     Robert J. Kolb Jr., ALHC, ACS, Senior Field Claims Specialist, Claims Services and Solutions Group, Individual Markets, Berkshire Life Insurance Company of America, may testify about the facts and circumstances relating to the allegations set forth in the Complaint, Berkshire's Answer and Affirmative Defenses, and Berkshire's Counterclaim, including, but not limited to, the details of Plaintiff's application for disability insurance from Berkshire, Plaintiff's misrepresentations in his application for disability insurance from Berkshire, Plaintiff's occupation, Plaintiff's medical history and conditions, Plaintiff's criminal indictment and Case No. 21YB0854, *State of Michigan v. Ryan J. Fishman et al.*, the conditions of Plaintiff's bond, and Berkshire's investigation into the misrepresentations made by Plaintiff in his application for the Policy.

5.     Karen Rugg, Head of Disability Underwriting, Individual Disability, Berkshire Life Insurance Company of America, may testify about the facts and circumstances

3

relating to the allegations set forth in the Complaint, Berkshire's Answer and Affirmative Defenses, and Berkshire's Counterclaim, including, but not limited to, the details of Plaintiff's application for disability insurance from Berkshire, Plaintiff's misrepresentations in his application for disability insurance from Berkshire, Plaintiff's occupation, Plaintiff's medical history and conditions, Plaintiff's criminal indictment and Case No. 21YB0854, *State of Michigan v. Ryan J. Fishman et al.*, the conditions of Plaintiff's bond, the issuance of the Policy and Berkshire's rescission of the Policy, the underwriting for the Berkshire Policy issued to Plaintiff, Berkshire's determination that had Berkshire been aware of Plaintiff's receipt of chiropractic care and treatment, it would have issued the Policy other than as applied for, and Berkshire's determination that had it been aware of Plaintiff's criminal indictment, the charges pending against him, the conditions of his bond, and a pending criminal investigation that could ultimately affect his professional license, it would not have issued the Policy to Plaintiff.

6. John Holbrook, MA, MD, FACEP, Medical Consultant to The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America. Dr. Holbrook may testify about the Medical Review he completed in connection with Plaintiff's claim for benefits under the Policy and Berkshire's investigation in connection with same.

7. Howard Oakes, PsyD, Medical Consultant to The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America. Dr. Oakes may testify about the Medical Reviews he completed in connection with Plaintiff's claim for benefits under the Policy and Berkshire's investigation in

4

connection with same. Dr. Oakes may be contacted solely through the undersigned Defendant's counsel.

8.  Robert W. Levine, may testify about (i) his assessment and treatment of Plaintiff, (ii) statements Plaintiff made for the purpose of or reasonably pertinent to his diagnosis and treatment, (iii) the records he created and maintained in connection with the foregoing; and (iv)Berkshire's efforts to obtain records of his chiropractic treatment of Plaintiff.

9.  David Leyton, Genesee County Prosecutor, and his staff (investigators, prosecutors, paralegals etc.) may testify about Plaintiff's criminal indictment and Case No. 21YB0854, *State of Michigan v. Ryan J. Fishman et al.*, the charges brought again Plaintiff, the conditions of Plaintiff's bond, and the current status of the criminal proceedings against Plaintiff.

10. Mark Russell, Head of Claims, Claims Services and Solutions Group, Individual Markets, Berkshire Life Insurance Company of America, may testify about the facts and circumstances relating to the allegations set forth in the Complaint, Berkshire's Answer and Affirmative Defenses, and Berkshire's Counterclaim, including, but not limited to, the details of Plaintiff's application for disability insurance from Berkshire, Plaintiff's misrepresentations in his application for disability insurance from Berkshire, Plaintiff's occupation, Plaintiff's medical history and conditions, Plaintiff's criminal indictment and Case No. 21YB0854, *State of Michigan v. Ryan J. Fishman et al.*, the conditions of Plaintiff's bond, Berkshire's investigation into the misrepresentations made by Plaintiff in his application for the Policy, the issuance of the Policy and Berkshire's rescission of the Policy.

11.    All witnesses identified in Plaintiff's Initial Rule 26
        Disclosures and not otherwise specified herein.


                        Respectfully submitted,

                        By: /s/ Elizabeth G. Doolin
                            *One of the attorneys for The Berkshire Life*
                            *Insurance Company of America*


Elizabeth G. Doolin
(IL Bar #6210358)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 2400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (FAX)
edoolin@cmn-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **14th** day of **February, 2023**, I electronically filed The Berkshire Life Insurance Company's Lay Witness List with the Clerk of the U.S. District Court, Eastern District of Michigan, Southern Division, using the CM/ECF system which will send notification of such filing to the following attorneys:

Adam Kutinsky
Kutinsky PC
370 E. Maple Rd. Floor 4
Birmingham, MI 48009
adam@kutinsky.com

/s/ Elizabeth G. Doolin
Chittenden, Murday & Novotny LLC
303 West Madison Street, Suite 2400
Chicago, Illinois 60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)