UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN J. FISHMAN,

      Plaintiff/Counter-Defendant,

v.

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

      Defendant/Counter-Plaintiff.

Case No. 22-11058
HON. MARK A. GOLDSMITH

**MOTION OF RYAN FISHMAN FOR ENTRY OF DISCOVERY PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN J. FISHMAN,

     Plaintiff/Counter-Defendant,

v.

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

     Defendant/Counter-Plaintiff.

Case No. 22-11058
HON. MARK A. GOLDSMITH

## <u>STATEMENT OF THE ISSUE PRESENTED</u>

Should the Court enter a Protective Order prohibiting Berkshire Life Insurance Company from taking depositions of five witnesses who are not parties to this case, were not disclosed in discovery, were not identified in its witness list, and who, *inter alia*, lack relevant information to either party's claims or defenses.

     Plaintiff/Counter-Defendant Ryan J. Fishman answers: "yes"

     Defendant/Counter-Plaintiff Berkshire Life Insurance Company of America will answers: "no"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN J. FISHMAN,

          Plaintiff/Counter-Defendant,

v.

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

          Defendant/Counter-Plaintiff.

Case No. 22-11058
HON. MARK A. GOLDSMITH

## **MOST CONTROLLING AUTHORITY**

Fed. R. Civ. P. 26(a)(1)(A)(i)

Fed. R. Civ. P. 26(b)(1)

Fed. R. Civ. P. 26(b)(2)(C)

Fed. R. Civ. P. 26(c)

Fed. R. Civ. P. 37(a)(5)

*Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)

*Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001)

*Scales v. J.C. Bradford & Co*., 925 F.2d 901, 906 (6th Cir.1991)

*Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994)

*United Security Ins. Co. v. Comm'r of Ins*, 133 Mich. App. 38, 348 N.W.2d 34 (1984)

*Kirschner v. Process Design Associates, Inc.*, 592 NW 2d 707 (1999)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN J. FISHMAN,

      Plaintiff/Counter-Defendant,

v.

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

      Defendant/Counter-Plaintiff.

Case No. 22-11058
HON. MARK A. GOLDSMITH

## **MOTION OF RYAN FISHMAN FOR ENTRY OF DISCOVERY PROTECTIVE ORDER**

Plaintiff RYAN J. FISHMAN, by and through his counsel KUTINSKY PC, moves this Honorable Court for Entry of a Discovery Protective Order under Fed. R. Civ. P. 26(b) and (c), and states:

1.     This motion requests entry of a Protective Order under Fed. R. Civ. P. 26(b) and (c) to prevent Defendant from conducting depositions of five individuals who are not parties to this action and who do not have any information relevant to either parties' claims or defenses.

2.     On June 12, 2023, Defendant issued subpoenas to non-parties Jeffrey Poeszat, Christopher Lackney, Scott Hope, Charissa Hope, and Alexandra Ichim. *See, **Exhibit A**.*

3.      Defendant did not contact Plaintiff counsel before issuing the subpoenas and unilaterally scheduled the five depositions to be conducted on June 26, 27 and 28.

4.      The depositions are scheduled to occur within a few days of discovery cut-off on June 30, 2023 [**ECF No. 38**] and Plaintiff counsel is effectively unavailable the entire week.

5.      Defendant did not identify the witnesses in its initial disclosures (**Exhibit B**), did not identify them in its witness list [**ECF No. 27**], and waited ten months in discovery before issuing the subpoenas.

6.      The witnesses lack information relevant to either parties' claims or defenses in this action.

7.      Even if the witnesses possessed relevant knowledge, their depositions are not within the scope of discovery under Fed. R. Civ. P. 26(b)(1) because it is proportional to the needs of this case, does not concern issues at stake in the litigation, will not resolve any issues, and will be unduly burdensome to Plaintiff without any likely benefit to Defendant.

8.      Good cause exists to enter a Protective Order precluding Defendant from conducting the depositions because it will protect Plaintiff from annoyance, embarrassment, oppression, undue burden, and expense. Fed. R. Civ. P. 26(c).

9.      As set forth in the accompanying brief, this Honorable Court should enter a Protective Order that precludes Defendant from conducting the depositions of Jeffrey Poeszat, Christopher Lackney, Scott Hope, Charissa Hope, and Alexandra Ichim.

WHEREFORE, Plaintiff RYAN FISHMAN respectfully requests that this Honorable Court enter a Protective Order under Rules 26(b)(1), 26(b)(2)(C), and 26(c) that prohibits Plaintiff BERKSHIRE LIFE INSURANCE COMPANY OF AMERICAN from conducting depositions of those individuals identified in the subpoenas attached as **Exhibit A**, and award expenses to Plaintiff under Rule 37(a)(5).

*LR 7.1(a)(2)(A): There was a conference between the attorneys in this action in which the movant explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.*

KUTINSKY PC

/s/ Adam Kutinsky
Adam Kutinsky (P57900)
Attorney for Ryan J. Fishman
370 E. Maple Rd. 3rd Fl
Birmingham, MI 48009
(248) 712-1049 x 122
Dated: June 20, 2023                    adam@kutinsky.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN J. FISHMAN,

      Plaintiff/Counter-Defendant,

v.

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

      Defendant/Counter-Plaintiff.

Case No. 22-11058
HON. MARK A. GOLDSMITH

**BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER**

I. **STATEMENT OF FACTS**

This action relates to a disability income insurance policy[1] issued by

Defendant BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA ("Berkshire") to

Plaintiff RYAN J. FISHMAN (hereinafter, the "policy")[**ECF No. 1-1**] Mr. Fishman is

an attorney who was diagnosed with a mental illness that rendered him unable to

practice law while the policy was in effect.

The following facts are not in dispute:

A.     Mr. Fishman paid the policy premiums on time and in full.

---

[1] Berkshire Disability Income Insurance Policy no. Z4600540

4

B.      Berkshire accepted the premium payments and issued the policy on April 24, 2021. [**ECF No. 1-1, PageID.8**]

C.      The policy benefit is $18,000 per month.[2] [**ECF No. 1-1, PageID.8**]

D.      While the policy was in effect, Mr. Fishman's treating physician diagnosed him with a mental illness and determined that he was unable to work as an attorney. *See, **Exhibit C***.

E.      Mr. Fishman timely notified Berkshire of his disability and on July 29, 2021 submitted a claim on the insurer's form.

F.      Berkshire hired a physician to conduct an independent evaluation of Mr. Fishman; its physician agreed that Mr. Fishman suffered a mental illness that precluded him from working as an attorney.

G.      Berkshire did not pay Mr. Fishman's claim.

In an effort to unilaterally void the policy and avoid payment of the claim, on December 17, 2021 Berkshire sent Mr. Fishman a letter entitled "Notice of Rescission". *See, **Exhibit D***. The insurer's "Notice of Rescission" alleged that Mr. Fishman made material misrepresentations in his policy application. Specifically, Berkshire alleged that Mr. Fishman failed disclose chiropractic treatment and failed to disclose that he was subject to a court order limiting his ability to work. However, the insurer's records prove Mr. Fishman did not misrepresent anything in his application and it cannot obtain the remedy of rescission from the Court.

---

[2] Subject to annual increases of 4% under an Automatic Benefit Enhancement Rider.

With respect to the insurer's allegation that Mr. Fishman's failed to disclose

chiropractic treatment:

A.    During the application process Berkshire arranged for a physician to conduct a medical examination of Mr. Fishman.

B.    At the March 18, 20212 medical examination *(over 1 month before the policy was issued)* Mr. Fishman told the physician that he received chiropractic treatment 1 - 2 times per month. *See, **Exhibit E.***

C.    Berkshire's policy application expressly incorporated information the insured told the insurer's medical examiner. *See, **Exhibit F***.

D.    Berkshire's policy application states that the insured is not required to re-disclose information already provided to the medical examiner. *See, **Exhibit F***.

With respect to the insurer's allegation that Mr. Fishman was subject to a

court order limiting his ability to work:

A.    Mr. Fishman is the managing attorney of a law firm and listed the following duties in his policy application: sales, operations, management, supervisory, accounting, and bookkeeping. [**ECF No. 1-1, PageID.40 and ECF No. 1-1, PageID.47**]

B.    On April 6, 2021, Mr. Fishman was arrested and released by the 67th Circuit Court which issued a bond order. *See, **Exhibit G***.

C.    The bond conditions were "no work as a process server" and "do not file proofs of service in any court." *See, **Exhibit G***.

D.    Mr. Fishman is not a process server and his job duties as managing partner of a law firm did not include filing proofs of service in any court.

E.   The bond order did not limit Mr. Fishman's occupational duties.

F.   The State Bar of Michigan did not take disciplinary action against Mr. Fishman in connection with his arrest.

F.   On August 30, 2021 Berkshire confirmed with the State Bar of Michigan that "nothing is done with an Attorney's license after an arrest" and "nothing is stopping an Attorney from practicing law." *See, **Exhibit H**.*

In sum, the attached records prove that Mr. Fishman disclosed his chiropractic treatment and also prove that his occupational duties were *not* limited when he applied for the Berkshire policy. For this reason, there is no information that the subpoenaed witnesses could provide that is relevant to this action.

## II.   ARGUMENT

### A.   STANDARD OF REVIEW

#### 1.   FED. R. CIV. P 26(b)

Rule 26(b) defines the scope of discovery and states, in relevant part:

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within

this scope of discovery need not be admissible in evidence to be discoverable.

(2)(C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).  A district court must limit the frequency or extent of discovery if it determines that it exceeds the scope of discovery permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

## 2.    FED. R. CIV. P. 26(c)

Rule (c)(1) provides for entry of a Protective Order:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance,

8

embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

The party seeking a protective order under Rule 26(c) has the burden of

showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500

(6th Cir. 2001). To show good cause, the movant must articulate specific facts

showing "clearly defined and serious injury resulting from the discovery sought

and cannot rely on mere conclusory statements." *Id*. (citations and internal quotation marks omitted).

District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce. Fed. R. Civ. P. 26(b)(2); see also *Scales v. J.C. Bradford & Co*., 925 F.2d 901, 906 (6th Cir.1991) ("Th[e] desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant."); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994). Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its "burden or expense... outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

In *Surles ex rel. Johnson v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007), the 6th Circuit stated:

> The Advisory Committee amended Rule 26(b) in both 1983 and 1993 to afford district courts greater discretion in restricting the scope of discovery. Fed. R. Civ. P. 26(b) advisory committee's notes (1983) ("The rule contemplates greater judicial involvement in the discovery process.... In an appropriate case the court could restrict the ... scope

of a production request."); Fed. R. Civ. P. 26(b) advisory committee's notes (1993) ("The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery."). Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted "to `go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Marshall v. Westinghouse Elec. Corp*., 576 F.2d 588, 592 (5th Cir.1978).

**B.    The witnesses subpoenaed by Berkshire do not possess any relevant information concerning this case.**

Berkshire's defense and counterclaim are based upon the premise that it is entitled to rescind the policy because Mr. Fishman made material misrepresentations during the application process.  The misrepresentations that Berkshire cites in support of its rescission theory are that Mr. Fishman did not disclose his chiropractic treatment, was limited in his ability work in his occupation, and that his license was subject to disciplinary action. *See, "Notice of Rescission" attached as **Exhibit D**.*

The policy was issued on April 24, 2021 and the evidence attached to this motion proves Mr. Fishman did not make any misrepresentations during the application process. Berkshire's affirmative defenses and counterclaim are based entirely on its debunked allegations that Mr. Fishman did not disclose his chiropractic treatment and was limited in his occupational duties when he applied

for the policy. For this reason, upon receipt of the subpoenas Mr. Fishman asked

counsel for Berkshire what information the witnesses may possess that is relevant

to this case. In response, counsel for Berkshire stated:

> But during Dr. Abramsky's deposition you purposefully and
> repeatedly formulated questions based on the alleged innocence of
> your client as it relates to the criminal charges against him.
> (Abramsky, 35, 59, 60).  This line of inquiry placed Mr. Fishman's
> criminal guilt or innocence at issue as it relates to his disability claim.
> Moreover, Berkshire's affirmative defenses include an affirmative
> defense based on the exclusions contained in the policy, which
> included a felony exclusion.
>
> Moreover, several of the subpoenaed witnesses worked with Mr.
> Fishman during relevant periods prior to his claim of disability and
> may have relevant information relating to the duties and activities of
> Mr. Fishman as they relate to Berkshire's counterclaim for recission.

*See, **Exhibit I**.*  Respectfully, the attorney for Berkshire's response is non-

sensical because the company is asking the Court to rescind the policy based on

misrepresentations that occurred during the application process. To obtain the

remedy of rescission, Berkshire must prove that Mr. Fishman answered questions

in the application that were false at the time they were given. *United Security Ins.*

*Co. v. Comm'r of Ins*, 133 Mich. App. 38, 348 N.W.2d 34 (1984). But the evidence

clearly shows that Mr. Fishman disclosed his chiropractic treatment and was not

limited in his ability to perform his occupational functions at the time he

completed the application. Whether he is guilty or innocent of committing a crime

is not relevant to whether he answered the application questions truthfully in 2021.

Likewise, Berkshire cannot cite exclusions in a policy that it attempted to rescind. As shown in Exhibit E, Berkshire sent Mr. Fishman a "Notice of Rescission," not a letter denying his claim, and the company did not reserve rights under the policy. By not reserving rights, Berkshire waived the policy exclusions and cannot rely upon them as a defense in this case. See, *Kirschner v. Process Design Associates, Inc.*, 592 NW 2d 707 (1999).

For these reasons, the subpoenaed witnesses do not possess information relevant to either party's claim or defense in this case.  Further, the witnesses cannot offer testimony related to issues of importance in this case. The discovery is therefore outside the scope of Rule 26(b) and should not be permitted.

**C.     Berkshire failed to disclose the witnesses in discovery, waited ten months before issuing the subpoenas, scheduled the depositions on dates counsel is unavailable, and the risk of prejudice to Mr. Fishman far outweighs the potential benefit to Berkshire.**

Under Fed. R. Civ. P. 26(a)(1)(A)(i) and this Court's scheduling order [ECF No. 22], on or before August 22, 2022 Berkshire was required to disclose the name, address, and telephone number of each individual that may have discoverable information, as well as the subjects of the information, that it may use to support

its claims or defenses. Berkshire did not identify any of the subpoenaed witnesses in its initial disclosures (Exhibit B), nor did it identify them on its witness list [**ECF No. 27**].

Berkshire also let 10 months of discovery elapse before issuing the witness subpoenas a few weeks before discovery cut-off. Berkshire selected dates for the witnesses to appear for depositions without confirming whether Mr. Fishman's attorney could attend. Mr. Fishman's attorney notified Berkshire that he was unavailable to attend the depositions on the dates the company picked, yet the insurer is proceeding with them anyway.

Rule 26(b)(2)(C) provides authority for this Court to limit discovery when (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). As explained above, the discovery being sought by Berkshire is outside the scope of Rule 26(b)(1) because it is not relevant to either party's claims or defenses, is not proportional to the needs of this case, and does not pertain to any issues in dispute.

Berkshire has had ample opportunity to obtain the information during the 10-month discovery period allowed by the Court. Even more, by not disclosing the witnesses in discovery or identifying them in its witness list and scheduling their

depositions within a few days of discovery cut-off is extremely prejudicial to Mr.

Fishman because he will be unable to conduct follow-up discovery once the

depositions are completed. Comparatively, Berkshire will unlikely benefit from

taking the depositions and the Court should therefore prevent them from being

conducted.

### III.    CONCLUSION AND REQUESTED RELIEF

Plaintiff RYAN FISHMAN respectfully requests that this Honorable Court

enter a Protective Order under Rules 26(b)(1), 26(b)(2)(C), and 26(c) that prohibits

Plaintiff BERKSHIRE LIFE INSURANCE COMPANY OF AMERICAN from conducting

depositions of those individuals identified in the subpoenas attached as **Exhibit A**,

and award expenses to Plaintiff under Rule 37(a)(5).

KUTINSKY PC

/s/ Adam Kutinsky
Adam Kutinsky (P57900)
Attorney for Ryan J. Fishman
370 E. Maple Rd. 3rd Fl
Birmingham, MI 48009
(248) 712-1049 x 122
Dated: June 20, 2023                    adam@kutinsky.com