## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RYAN J. FISHMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-11058** |
| | ) | |
| **BERKSHIRE LIFE** | ) | **Judge Mark A. Goldsmith** |
| **INSURANCE COMPANY OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND AGAINST PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, Berkshire Life Insurance Company of America ("Berkshire"), by their attorneys, Elizabeth G. Doolin and Ryan H. Voss of Chittenden, Murday & Novotny LLC, hereby submits this Supplemental Brief in Support of its Motion for Summary Judgment [ECF No. 65] and against Plaintiff's Motion for Summary Judgment [ECF No. 75], and pursuant to this Court's Text-Only Order of March 15, 2024.

**LOCAL RULE CERTIFICATION:** I, Ryan H. Voss, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller

than 10-1/2 characters per inch (for non-proportional fonts) or 14-point (for proportional fonts). I also certify that it is an appropriate length. Local Rule 7.1(D)(3).

## STATEMENT OF ISSUES PRESENTED

1.     Does Plaintiff's recent Pleas of No Contest to Felony charges, as well as his forthcoming Guilty Plea to Felony charges -- charges of which he was aware at the time of his application for the Policy -- and the resignation of his license to practice law pursuant to said Plea Agreements, resolve any question of fact as to whether Berkshire's rescission of the Policy for material misrepresentation was lawful and proper?

2.     Does Plaintiff's recent Pleas of No Contest to Felony charges, as well as his forthcoming Guilty Plea to Felony charges -- charges of which he was aware at the time he applied for benefits under the Policy -- and the resignation of his license to practice law pursuant to said Plea Agreements, render his claim for individual disability income benefits under the Policy uncovered and excluded under the terms, conditions, limitations, and exclusions of the Policy?

## STATEMENT OF CONTROLLING AUTHORITY

**Cases**

*Oade v. Jackson Nat. Life Ins. Co. of Michigan*, 465 Mich. 244, 632 N.W.2d 126 (2001)

*Heniser v. Frankenmuth Mut. Ins. Co.*, 449 Mich. 155, 160, 534 N.W.2d 502 (1995)

*Montgomery v. Fid. & Guar. Life Ins. Co.*, 269 Mich. App. 126, 713 N.W.2d 801 (2005)

*Lake States Ins. Co. v. Wilson*, 231 Mich. App. 327, 331, 586 N.W.2d 113, 115 (1998)

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

*Solomon v. Royal Maccabees Life Ins. Co*., 243 Mich. App. 375, 622 N.W.2d 101 (2000)

**Statutes**

MICH. COMP. LAWS § 500.2218

**Rules**

FED. R. CIV. P. 56

MRE 410(a)(2)

Fed. R. Evid. 201

# BACKGROUND

In or around October, 2020, the Plaintiff, Ryan Fishman ("Fishman"), engaged insurance broker, Ari Fischman, to seek both life and individual disability insurance. [See ECF No. 65, PageID.1236, ¶¶ 2-3 (admitted at ECF No. 80, PagedID.1927, ¶¶ 2-3)]. The Life Insurance Policy Fishman sought was provided by Principal Insurance Company, who is not a party to this case. [See ECF No. 82-2, PageID.2637, Deposition of Ari Fischman, 51:11-52:20]. The disability Policy sought by Fishman was to be provided by Berkshire. The application process for both policies followed concurrently and extended into 2021.[1] [See ECF No. 65, PageID.1242-3, ¶ 23 (admitted at ECF No. 80, PagedID.1932, ¶ 23)]. Fishman had not yet completed his application process and acquisition of the Policy at issue in this case by April 6, 2021, when he was arrested as authorities discovered his law firm, the Fishman Group, was engaged in a criminal enterprise to file "false Proofs of Service in collections cases in Genesee, Oakland, and Ingham counties." [2] [See also ECF No. 65, PageID.1240, ¶ 16 (admitted at ECF No. 80, PagedID.1931, ¶ 16)]. Fishman was charged with thirty-one (31) counts of forgery and one (1) count of

---

[1] Paragraph 23 in Berkshire's Statement of Facts contains a typographical error indicating April 9, 2023 as the date of the Declaration of Insurability; however Plaintiff's admission clarifies the accurate date of April 9, 2021.

[2] See Press Release, Michigan Department of Attorney General, Attorneys and Law Firm Plead No Contest in Collections Cases, (March 7, 2023) (available at Attorney General: Attorneys and Law Firm Plead No Contest in Collections Cases (michigan.gov) ) and attached as Exhibit A.

criminal enterprise in a Genesee County Complaint related to the arrest; and, on or around December 6, 2022, in an Oakland County Complaint related to the arrest, with one (1) count of maintaining a criminal enterprise, thirteen (13) counts of forgery, and thirteen (13) counts of Uttering and Publishing. [See ECF No. 65, PageID.1240, ¶ 17 (admitted at ECF No. 80, PagedID.1931, ¶ 17); see also, Plea Agreement from Oakland County Case No. 23-285127-FH, attached as Exhibit B]. Based on the attorney general's investigation which continued after the filing of the complaints in Genesee and Oakland Counties, a third felony complaint, alleging subornation of perjury, was later filed in Ingham County relating to criminal conduct occurring on or about March 7, 2018. [See Ingham county Felony Information, Ingham County 0022; see also Ingham County Records Search of April 2, 2024, Case No. 22-000487-FH, attached hereto as Exhibit C; *accord* ECF No. 81-3, PageID.2069, Deposition of Ryan Fishman 17:14-17].

Fishman obtained his release by way of bond on April 6, 2021. [See ECF No. 65, PageID.1241, ¶ 18 (admitted at ECF No. 80, PagedID.1931, ¶ 18)]. Thereafter, on April 9, 2021, Fishman endeavored to complete his acquisition of the Berkshire Policy by completing his application process and signing a Declaration of Insurability, representing he had not "had a professional license suspended or revoked, nor have I been notified of any pending investigation or complaint concerning my professional licenses." [See ECF No. 65, PageID.1242-3, ¶ 23

(admitted at ECF No. 80, PagedID.1932, ¶ 23)]. Unaware of Fishman's arrest and the criminal complaints against him setting forth multiple felony charges, Berkshire issued the Policy to Fishman with a Policy date of April 24, 2021. [See ECF No. 65, PageID.1243, ¶ 24 (admitted at ECF No. 80, PagedID.1932, ¶ 24)]. On April 30, 2021, Plaintiff began seeing Dr. Michael Abramsky, a psychologist, for anxiety and adjustment disorder triggered by his indictments. [See ECF No. 65, PageID.1244, ¶ 25 (admitted at ECF No. 80, PagedID.1933, ¶ 25]. On July 29, 2021, Fishman submitted a claim for disability benefits under the Policy based on the support of Dr. Abramsky and his diagnosis. [See ECF No. 65, PageID.1244-5, ¶ 28 (admitted at ECF No. 80, PagedID.1934, ¶ 28)].

Berkshire initiated an investigation into Fishman's claim wherein Fishman met with Senior Field Claim Specialist, Robert Kolb, who on August 17, 2021, who advised Fishman that the Policy may be subject to rescission and that his claim may be excluded based on the charges filed against him. [See ECF No. 65, PageID.1246, ¶ 34 (admitted at ECF No. 80, PagedID.1935, ¶ 34)]. Fishman was advised, and the Policy clearly states, his benefits may have been excluded for any disability:

- caused by, contributed to by, or which results from, Your commission of, or attempt to commit, a felony as defined under local, state, or federal law; or
- caused by, contributed to by, or which results from, Your being engaged in an illegal occupation; or
- caused by, contributed to by, or which results from, any suspension, revocation, restriction, inactivation, surrender, or the like, of Your professional or occupational license or certification;

[See, ECF No. 65-2, PageID.1300; See also ECF No. 77, Sealed Exhibit I to Affidavit of Dennis Kelly, Pp. 17:15-18:4]. Through its investigation, Berkshire determined it was entitled to rescind the Policy due to Fishman's material misrepresentation and notified Fishman of the same by way of letter dated December 17, 2021. [See ECF No. 65, PageID.1248, ¶ 39 (admitted at ECF No. 80, PagedID.1936, ¶ 39)].

On May 16, 2022, Fishman sued Berkshire for breach of contract and disputed Berkshire's right to rescission. [ECF No. 1]. On June 28, 2022, Berkshire filed its Answer, Counterclaim for Rescission and Declaratory Judgment, and Affirmative Defenses, including Affirmative Defense No. 3, alleging Plaintiff is preclude from recovering any relief under the terms, conditions, limitations, and exclusions of the Policy. [ECF No. 15]. The State of Michigan's criminal prosecutions ran concurrently with Fishman's case before this Court, and Berkshire made consistent efforts to discover information regarding said prosecutions, which Fishman sought to frustrate and prevent. [See e.g., ECF No. 39].

On February 12, 2024, Fishman signed a Plea Agreement in Oakland County, pleading no contest to Counts 9 and 14 – Felony Forgery – of the charges against him there. [See Exhibit B, P.2, Section 3]. As part of his Oakland County Plea Agreement, Fishman stipulated as follows:

> That the exam transcript shows that defendant Ryan Fishman was an attorney employed at Fishman Group P.C., a law firm specializing in

7

debt collection located at 800 Long Lake Road in Bloomfield Hills, County of Oakland, State of Michigan. During the time alleged in the complaint, Ryan Fishman knew that an associate who worked for him at Fishman Group P.C. forged two (2) Proofs of Service certifying that Chad Champagne and Pamela Barron had been served with a summons and complaint in a civil debt collection matter, when, in fact, they had not been served. Despite this knowledge, he knowingly and intentionally permitted the forged Proofs of Service under his name as attorney of record be filed with the courts with the intent to defraud the court to obtain default judgments and or garnishments to be improperly entered against Chad Champagne and Pamela Barron.

[*Id*. at Pp. 2-3, Section 5]. Further, Fishman agreed to plead guilty in Genessee County pursuant to a Plea Agreement in that matter, and No Contest in Ingham County. [*Id*. at P. 3, Section 9(B)]. He also agreed to resign his license to practice law within two days of pleading guilty and that he would not reapply for licensure to practice law in the State of Michigan for a period of 10 years from the date he entered his plea. [*Id.* at Pp. 3-4, Section 9(D)]. The Ingham County docket reflects a plea of no contest was entered there to a felony subornation of perjury charge, but Berkshire has been unable to obtain a copy of the Ingham County Plea Agreement at the time of the preparation of this brief despite requests to Fishman's attorney to produce the same. [See Exhibit C]. The Genesee County docket reflects Fishman will enter an in person plea on May 21, 2024. [See Genesee County Case Details Search of April 2, 2024, Case No. 22-0000049170-FH, attached hereto as Exhibit D]. Fishman resigned his license to practice law pursuant to the Oakland County

Plea Agreement. [See State Bar of Michigan Search Results > Ryan Fishman, https://sbm.reliaguide.com/lawyer/Fishman, attached hereto as Exhibit E].

## ARGUMENT[3]

I.  **Plaintiff's felony convictions resolve any outstanding questions of fact in favor of Berkshire's right to rescission.**

Michigan endorses a strong public policy against permitting an insured to profit by their own intentional wrongdoing. *See New Amsterdam Cas. Co. v. Jones,* 135 F.2d 191, 193 (6th Cir. 1943); *Hawkeye Sec. Ins. Co. v. Shields,* 31 Mich. App. 649, 655 (1971); *State Farm Mut. Auto. Ins. Co. v. Coon*, 46 Mich. App. 503, 507 (1973); *Vigilant Ins. Co. v. Kambly*, 114 Mich. App. 683, 691, (1982). In a case where a contract is clearly against public policy, it is proper to hold the contract void. *Steele v. Drummond*, 275 U.S. 199, 205, 48 S. Ct. 53, 54, 72 L. Ed. 238 (1927). Michigan has enacted MCL 500.2218 to permit insurers to rescind contracts based on material misrepresentation, and the Attorney General of Michigan has prosecuted Ryan Fishman in an effort to protect its citizens. (See Exhibit A). Berkshire's right to rescission is fully established by the law and undisputed facts set forth in its prior briefing. [See ECF No. 65]. However, to the extent any outstanding question of fact

---

[3] Pursuant to this Court's direction, this brief focuses on the effect of Fishman's recent criminal case events. However, Berkshire's rescission of the Policy was also proper insofar as Fishman misrepresented and failed to disclose his chiropractic treatment in applying for the Policy. [See ECF No. 65, PageID.1259-63].

might have imperiled this Court's finding in favor of Berkshire's rescission, Fishman's recent and forthcoming convictions resolve them.

Question 6E in the Application and the Policy asked Fishman (in part) to disclose whether "there is a pending investigation or complaint concerning you with a regulatory, governmental, or other entity that oversees your profession." [ECF No. 65-2, PageID.1323]. On April 9, 2021, Fishman e-signed a representation that the answer to Question 6E did not change as a condition to the Policy being issued. [See ECF No. 65-2, PageID.1317].  In light of Fishman's plea agreement and subsequent resignation of his license to practice law, which arose directly out of the charges made in the criminal complaints entered against him on April 6, 2021, Fishman's insistence those complaints did not  concern his license cannot be accepted by this Court. That Fishman's convictions entered by the Oakland and Ingham County Circuit Courts have resulted in the resignation of his license to practice law make clear those entities oversee his profession. As such, Fishman's "no" response to Question 6E was a misrepresentation.  Fishman does not and cannot contest Berkshire's assertion that, had it known about the criminal complaints on April 9, 2021, it would not have issued the Policy. [See ECF No. 65-5, PageID.1483, Deposition of Karen Rugg, 38:11-17]. Thus Fishman's misrepresentation is material. Therefore, Berkshire's recission of the Policy was lawful and correct.

Fishman also e-signed the Declaration of Insurability on April 9, 2021 stating "I have... 7. not had a professional license suspended or revoked, nor have I been notified of any pending investigation or complaint concerning my professional license." It was apparent on April 9, 2021 to Plaintiff that he could not truthfully sign the Declaration of Insurability, which was a condition to the formation of the Policy because the criminal complaints concerned his professional license. Those complaints have now resulted in the resignation of his professional license – therefore it would be illogical to say they did not concern his professional license.

## II.   Berkshire is entitled to summary judgment against Plaintiff's claim for Breach because Plaintiff's claim is excluded under the terms, conditions, limitations, and exclusions of the Policy.

### a.   Fishman is not "Totally Disabled" as required under the Policy's terms.

In an action for breach, "the burden of proof lies with the insured to show that the policy covered the damage suffered." *Solomon v. Royal Maccabees Life Ins. Co.*, 243 Mich. App. 375, 379, 622 N.W.2d 101, 103 (2000). "Generally, disability insurance policies provide coverage for factual disabilities, such as illness or injury, but not for legal disabilities." *Id.* at 382. "If a claimant suffers from both a factual and a legal disability, however, and the factual disability is medically bona fide and genuinely arose before the legal disability, the fact that the legal disability arose later will not necessarily terminate a claimant's right to disability benefits." *Id.*

11

In *Solomon*, the plaintiff was a doctor who maintained a full-time practice in Baltimore, Maryland until, plaintiff alleged, bipolar affective disorder caused him to become totally disabled in June 1993. *Solomon*, 243 Mich. App. at 377. Dr. Solomon claimed to have been afflicted with bipolar disorder which caused him to begin having inappropriate sexual relationships with his patients after an automobile accident in 1982. *Id.* at 379. Though the *Solomon* plaintiff claimed disability beginning in June 1993, he voluntarily surrendered his medical license in October 1993. *Id.* at 377. In discovery it was determined that the *Solomon* plaintiff had not sought medical treatment for depression until one of the patients with whom he had inappropriate sexual relations filed a lawsuit against him in June or July 1993. *Id.* at 380. Dr. Solomon did not discontinue treating patients or receive any psychiatric treatment until August 1993. *Id.* at 378. Though the insurer initially paid disability benefits, it discontinued benefits when it determined Dr. Solomon was not "totally and permanently disabled" under the policy at issue. *Id.* at 377.

The insurance company in *Solomon* argued that plaintiff's depression did not begin until his former patient filed legal proceedings against him; that his alleged inability to practice medicine was not the result of bipolar disorder, but of his surrendering his medical license in October 1993; and that prior to that surrender, his continuing to see patients (albeit, at a reduced level) between June 1993 and October 1993 disproved his claim of disability back to June 1993. *Id*. at 377-8. The

12

insurer prevailed on summary judgement and was affirmed on appeal. *Id*. at 387. The Court of Appeals recognized that, though Dr. Solomon did suffer from bipolar disorder, that disorder did not prevent him from performing the substantial and material duties of his occupation. *Id.* at 385. In affirming, the Court of Appeals specifically noted Dr. Solomon's continuing to see patients, even at fewer hours, after he claimed to have become totally disabled. *Id.* at 386.

Turning to this case, while *Solomon* was instructive when Berkshire prepared its initial brief in support of summary judgment [See ECF No. 65, PageID.1264-5], Fishman's recent plea conditions and convictions which resulted in him surrendering his license to practice law in February 2024, render *Solomon* dispositive. Here, like in *Solomon*, Fishman claims to have become disabled as the result of a psychiatric condition, but that psychiatric condition did not instigate the insured seeking any treatment until legal proceedings commenced in connection with his wrongdoing. [ECF No. 65, PageID.1244, ¶ 25 (admitted at ECF No. 80, PagedID.1933, ¶ 25]. Like Dr. Solomon, Fishman continued to work in his profession, albeit at a reduced rate, after he claimed his disabling condition rendered him totally disabled. [ECF No. 81-3, PageID.2188, Deposition of Ryan Fishman 136:8-10]. Like the policy in Solomon, the Policy here requires "Total Disability" and defines "Total Disability" as "solely due to Injury or Sickness, You are not able to perform the material and substantial duties of Your Occupation." [ECF No. 65-2, PageID.1296]. Thus,

Plaintiff suffers from a legal not a factual disability under *Solomon.* Plaintiff's inability to perform the material and substantial disabilities of his Occupation are caused by the resignation of his license to practice law instigated as a condition of his plea agreements. Plaintiff is not Totally Disabled under the terms of the Policy. Therefore, even if the Policy is not rescinded, Plaintiff cannot ever prove he is entitled benefits under the Policy's terms and the Court should enter summary judgment in Berkshire's favor.

### b. Even if Fishman is disabled, his claim is excluded pursuant to exclusions listed in the Policy.

"Exclusionary clauses in insurance policies are strictly construed in favor of the insured. *Auto Club Grp. Ins. Ass'n v. Andrzejewski*, 292 Mich. App. 565, 569 (2011) (quoting *Century Sur. Co. v. Charron*, 230 Mich. App. 79, 83 (1998). "Coverage under a policy is lost if any exclusion in the policy applies to an insured's particular claims." *Id.* Clear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume. *Id*. The Policy at issue in this case excludes benefits for any disability:

- caused by, contributed to by, or which results from, Your commission of, or attempt to commit, a felony as defined under local, state, or federal law; or
- caused by, contributed to by, or which results from, Your being engaged in an illegal occupation; or
- caused by, contributed to by, or which results from, any suspension, revocation, restriction, inactivation, surrender, or the like, of Your professional or occupational license or certification;

[See, ECF No. 65-2, PageID.1300]. There is no factual dispute that Plaintiff suffered from no psychiatric condition until his indictment. [ECF No. 65, PageID.1244, ¶ 26 (admitted at ECF No. 80, PagedID.1933, ¶ 26]. Plaintiff attempted to assert his innocence to all felony charges in briefing and throughout the history of this litigation, but his February 2024 convictions of felonies, and the uncontested fact his alleged disability arose from his indictment on those charges, now conclusively prove any disability claimed by Fishman was "caused by, contributed by, [and] results from, [his] commission of... a felony." The words of plaintiff's stipulation explicitly acknowledge that he permitted an associate who worked for him to submit illegal forgeries to Michigan Courts in his firm's collection efforts. [Exhibit B at Pp. 2-3, Section 5]. And the firm itself has pled no contest to criminal enterprise. (See Exhibit A). Thus, there is now no question that the Policy's illegal occupation exclusion applies. Finally, plaintiff's disability, subsequent to his resignation, now unquestionably results from his "suspension, revocation, restriction, inactivation, surrender, or the like" of his professional license.

## III.   Berkshire is entitled to rely on Fishman's plea agreement and Fishman's anticipated waiver arguments do not apply.

A no contest plea to a criminal charge may be admitted in a civil proceeding to defend against a claim asserted by the person who entered the plea. MRE 410(a)(2). Plaintiff initiated this matter with a breach action and Berkshire has asserted both rescission and the terms, conditions, limitations, and exclusions of the

Policy as defenses. [ECF No. 15]. Further, Berkshire requests that this Court, pursuant to Fed. R. Evid. 201, take judicial notice to the following facts:

1.      The Fishman Group, P.C. has been convicted of Maintaining a Criminal Enterprise related to the same actions which set a basis for the charges against Fishman. (See Exhibit A);

2.      All information set forth in Fishman's Oakland County Plea Agreement, signed by Plaintiff on February 12, 2024. (See Exhibit B);

3.      All information set forth in the Ingham County Records Search of April 2, 2024, Case No. 22-000487-FH, attached hereto as Exhibit C;

4.      All information set forth in Genesee County Case Details Search of April 2, 2024, Case No. 22-0000049170-FH, attached hereto as Exhibit D; and

5.      Fishman has resigned his license to practice law. (See Exhibit E).

The Court may judicially notice these facts because they are both generally known within this Court's jurisdiction, and the materials Berkshire provides with this brief in Exhibits A, B, C, and D, contain only information from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Moreover, the Court must take judicial notice of these facts because Berkshire has provided it with the necessary information. *Id*.  To the extent Fishman seeks to object to any judicial notice of these facts, he should be estopped from doing so because he has consistently been dilatory in responding to or producing any of the materials containing his criminal information despite Berkshire's repeated requests for the same. [See e.g., ECF No. 43, PageID.700]. Following this Court's telephone hearing

of March 14, 2024, wherein the Court requested this briefing of the parties, Berkshire, through counsel again requested production of criminal proceeding materials of Plaintiffs, but has not received any response as of the preparation of this brief.

To the extent Plaintiff seeks to invoke any doctrine of waiver in response to this brief, Berkshire has already thoroughly demonstrated the lack of legal authority for such a contention. [See e.g., ECF No. 79, PageID.1920-21; ECF No. 82, PageID.2630].

## CONCLUSION

For the forgoing reasons, Berkshire requests the Court summary judgment in favor of Berkshire and against Plaintiff as it relates to the sole count of alleged in Plaintiff's First Amended Complaint [ECF No. 4]; and in favor of Berkshire and as it relates to the Affirmative Defenses, and Counts I and II of Berkshire's Counterclaim for Rescission and Declaratory Judgement [ECF No. 15]. Berkshire further requests this Court find in its favor and enter an award of reasonable attorney's fees and costs in an amount to be established in separate proceedings following entry of judgment in its favor.

Dated: April 4, 2024          Respectfully Submitted,

                            CHITTENDEN, MURDAY & NOVOTNY LLC
                            /s/ Ryan H. Voss
                            One of its Attorneys
                            Elizabeth G. Doolin (IL#6210358)
                            Ryan H. Voss (IL#6304211)
                            Chittenden, Murday & Novotny LLC
                            303 W. Madison Street, Suite 2400
                            Chicago, Illinois  60606
                            (312) 281-3600 (tel) (312) 281-3678 (fax)
                            edoolin@cmn-law.com  rvoss@cmn-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **4th** day of **April 2024,** I electronically filed the foregoing **Supplemental Brief in Support of Motion for Summary Judgment** with the Clerk of the U.S. District Court, Eastern District of Michigan, Southern Division, using the CM/ECF system which will send notification of such filing to the following attorneys:

Adam Kutinsky
Kutinsky PC
370 E. Maple Rd. Floor 4
Birmingham, MI 48009
adam@kutinsky.com

/s/ Ryan H. Voss
One of its Attorneys
Elizabeth G. Doolin (IL#6210358)
Ryan H. Voss (IL#6304211)
Chittenden, Murday & Novotny LLC
303 W. Madison Street, Suite 2400
Chicago, Illinois  60606
(312) 281-3600 (tel)
(312) 281-3678 (fax)
edoolin@cmn-law.com
rvoss@cmn-law.com

1