UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RYAN J. FISHMAN,<br><br>    Plaintiff/Counter-Defendant,<br><br>v<br><br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendant/Counter-Plaintiff. | Case No. 22- 11058<br><br>HON. MARK A. GOLDSMITH |

### DEFENDANT'S OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO SUPPLEMENT BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Berkshire Life Insurance Company of America ("Berkshire") objects and responds to the Ex-Parte Motion of Ryan Fishman for Entry of an Order Granting him Leave to Supplement his Brief in Support of Summary Judgment [ECF No. 92] on the grounds that Plaintiff does not set forth proper authority for said Motion, the proposed supplemental authority presented by Plaintiff does not inform any disputed issues set forth in Plaintiff's Motion for Summary Judgment [ECF No. 75], and as more fully set forth in the attached brief.

Wherefore Defendant, Berkshire Life Insurance Company of America, humbly requests that this Court deny the Ex-Parte Motion of Ryan Fishman an Order

1

Granting him Leave to Supplement his Brief in Support of Summary Judgment [ECF No. 92].

Dated: August 22, 2024

        CHITTENDEN, MURDAY & NOVOTNY LLC

        /s/ Ryan H. Voss
        Ryan H. Voss (IL# 6304211)
        One of the Attorneys for Defendant
        303 W. Madison, Suite 2400
        Chicago, Illinois 60606
        (312) 281-3604
        rvoss@cmn-law.com
        *Attorneys for Defendant, Berkshire Life Insurance Company of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN J. FISHMAN,

    Plaintiff/Counter-Defendant,

v

BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant/Counter-Plaintiff.

Case No. 22- 11058

HON. MARK A. GOLDSMITH

**BRIEF IN SUPPORT OF DEFENDANT'S OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO SUPPLEMENT BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**STATEMENT OF ISSUES PRESENTED** ............................................................ iii

**STATEMENT OF CONTROLLING AUTHORITY** .......................................... iv

**I.    STATEMENT OF MATERIAL FACTS** ................................................... 1

**II.   ARGUMENT** ................................................................................................ 2

    **A.    Plaintiff has not properly sought nor obtained leave to supplement his brief** ................................................................................................ 1

    **B.    *Bradley v. Westfield Insurance Company* is not probative to the issues in this case** ............................................................................... 2

**III.  CONCLUSION** ........................................................................................... 3

# STATEMENT OF ISSUES PRESENTED

Should the Court Grant Plaintiff/Counter-Defendant Ryan J. Fishman leave to supplement Mr. Fishman's Motion to incorporate newly published Michigan Court of Appeals case, *Bradley v. Westfield Ins. Co,* No. 635828, 2024 WL 3380920 (Mich. Ct. App. July 11, 2024), which [Plaintiff wrongfully contends] directly addresses and supports a material issue raised in the pending motion [and over Defendant's Objection]?

    Defendant, Berkshire Life Insurance Company of America:    No

    Plaintiff, Ryan J. Fishman:    Yes

## **STATEMENT OF CONTROLLING AUTHORITY**

Fed. R. Civ. P. 15(d)

L.R. 7.1(g)

# I. STATEMENT OF MATERIAL FACTS

To the extent necessary, Berkshire Life Insurance Company of America ("Berkshire") hereby adopts its Counter-Statement of Material Facts and Statement of Additional Material Facts as set forth in its Response to Plaintiff's Motion for Summary Judgment as and for its counter-Statement of Facts to Plaintiff's Motion Ex-Parte for Order Granting Leave to Supplement Brief in Support of Motion for Summary Judgment. [See ECF No. 79, PageID.1902-09].

# II. ARGUMENT

## A. Plaintiff has not properly sought nor obtained leave to supplement his brief.

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and provides that on reasonable notice, the Court may permit a party to serve a supplemental pleading. Local Rule 7.1(g) addresses a parties' submissions of additional affidavits or other documents in support of a motion. Plaintiff has neither sought relief under LR 7.1(g) in his attempt to present this supplemental authority to the Court, nor has he followed its procedures. Therefore the Court should strike Plaintiff's Motion Ex-Parte for Order Granting Leave to Supplement Brief in Support of Motion for Summary Judgment. However, in the event the Court determines it will consider the case submitted by Plaintiff (*Bradley v. Westfield Ins. Co.*, No. 365828, 2024 WL 3380920 (Mich. Ct. App. July 11, 2024)), Berkshire hereby requests leave to submit the following as and for its supplemental brief in

1

opposition to Plaintiff's Supplemental Authority in Support of Plaintiff's Motion for Summary Judgment.

### B. *Bradley v. Westfield Insurance Company* is not probative to the issues in this case.

*Bradley v. Westfield Insurance Company* concerns a case under Michigan's No-Fault Act [MCL 500.3101 *et. seq*.] wherein the insurer claimed they were entitled to rescission as a result of the Plaintiff's fraudulent inducement. 2024 WL 3380920, at *4. The opinion rests on a prior Michigan Appellate Court opinion applying explicitly to PIP (Personal Injury Protection) coverage. *See Id*. quoting *Howard v. LM Gen. Ins. Co.*, 345 Mich. App. 166, 173, 5 N.W.3d 46, 50–51, appeal denied, 512 Mich. 929, 994 N.W.2d 514 (2023) ("in order to justify rescission of PIP coverage with respect to preprocurement misrepresentations, the insurer must be able to demonstrate common-law fraud under equitable principles"). Thus, *Bradley* is limited to a narrow set of circumstances concerning an allegation of fraud by a PIP No-Fault insurer. *Id*.

The case now before the Court does not concern No-Fault insurance benefits under MCL 500.3101 *et seq*. Though Berkshire acknowledges a fraudulent intent was readily apparent in Plaintiff's decisions to sign attestations that he was under no investigations, his work circumstances and duties had not changed, and there was no concern for his license when he signed the Declaration of Insurability and other documents on April 9, 2021, and when he failed to disclose his chiropractic treatment,

2

Berkshire does not rely on common law fraud for its rescission claim. Rather, Berkshire relies on MCL 500.2218 for its rescission claim, which does not depend on common law fraud principles, and is not even available to insurers in cases concerning No-Fault PIP benefits. In short, *Bradley* addresses a different rescission standard for a different kind of insurance. *Bradley* is not probative to the issues in this case.

Even if *Bradley* informed any legal principals in this case, it is factually distinguishable. In *Bradley*, the court found Plaintiff's mother had not made a false misrepresentation when she did not disclose her daughter's residing with her while obtaining PIP No-Fault coverage. *Bradley*, 2024 WL 3380920, at *4. In the instant case, Plaintiff made multiple misrepresentations regarding the criminal investigation instituted against him (which ultimately led to his felony conviction), his changed work circumstances, the concern for his license, and his chiropractic treatment sufficient to provide for Berkshire's rescission of his disability policy.

### III. CONCLUSION

For the forgoing reasons, the Court should deny Plaintiff's Motion Ex-Parte for Order Granting Leave to Supplement Brief in Support of Motion for Summary Judgment, strike Plaintiff's Motion, and enter Summar Judgement in Berkshire's Favor and Against Plaintiff.

Dated: August 22, 2024

Respectfully submitted,

**BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**

By: /s/ Ryan H. Voss
       One of its Attorneys
Ryan H. Voss (IL Bar #6304211)
Chittenden, Murday & Novotny LLC
303 W. Madison Street, Suite 2400
Chicago, Illinois 60606
(312) 281-3600 (tel)
(312) 281-3678 (fax)
rvoss@cmn-law.com

**PROOF OF SERVICE**

Undersigned counsel certifies that on August 22, 2024, the foregoing was filed using the Court's e-filing system, which will send notice and a copy of same to all parties of record.

> By: /s/ Ryan H. Voss
> One of its Attorneys
> Ryan H. Voss (IL Bar #6304211)
> Chittenden, Murday & Novotny LLC
> 303 W. Madison Street, Suite 2400
> Chicago, Illinois 60606
> (312) 281-3600 (tel)
> (312) 281-3678 (fax)
> rvoss@cmn-law.com