UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN J. FISHMAN,

       Plaintiff,

v.

BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA,

       Defendant.

Case No. 22-cv-11058

HON. MARK A. GOLDSMITH

_____/

**OPINION & ORDER
(1) GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL HEARING TRANSCRIPT (Dkt. 102) AND (2) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 96)**

Plaintiff Ryan Fishman brought this breach of contract case against Defendant Berkshire Life Insurance Company of America after Berkshire failed to compensate Fishman under a disability income insurance policy. See Am. Compl. (Dkt. 4). Berkshire counterclaimed for recission and for a declaratory judgment that the policy is null and void and that Berkshire has no obligation or liability thereunder. See Counterclaim (Dkt. 15). Both parties filed motions for summary judgment (Dkts. 65, 75), which the Court denied in its September 26, 2024 opinion and order (Dkt. 94). Berkshire has filed a motion for partial reconsideration of that opinion and order (Dkt. 96).[1] For the below reasons, the Court denies the motion for reconsideration.

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motions, the briefing includes Fishman's response to Berkshire's motion for reconsideration (Dkt. 100) and Berkshire's reply (Dkt. 101).

I. BACKGROUND

The Court has previously set forth the background of this case, see 9/26/24 Op. & Order, which need not be fully repeated here.

In October 2020, Fishman engaged an insurance broker and began the process of applying for a disability insurance policy from Berkshire. Def. Statement of Material Facts (SOMF) ¶¶ 2–3 (Dkt. 65). At that time, Fishman was working as an attorney and was the managing partner for Fishman Group P.C., a law firm. Def. Mot. for Summ. J. at 1 (Dkt. 65).

On April 6, 2021, before Fishman had completed the process of applying for the policy, he was arrested at his home. Def. SOMF ¶¶ 16, 19, 22; Fishman Dep. at 105 (Dkt. 67). That same day, he was charged in Genesee County, Michigan, with felony crimes including forgery, obstruction of justice, and criminal enterprise. Def. SOMF ¶ 17; 67th District Court Records at PageID.1587–1597 (Dkt. 66).[2]

Fishman completed the policy application in April 2021, and Berkshire issued the policy that month. Def. SOMF ¶¶ 19, 22–24; Policy at PageID.1548–1549, 1576 (Dkt. 66).

In July 2021, Fishman submitted a disability claim to Berkshire. Def. SOMF ¶ 28. He listed his disabling condition as depression and anxiety and stated that the first instance of symptoms was on April 15, 2021. Id.; Disability Claim at PageID.1578–1584 (Dkt. 66). He listed

---

Berkshire also filed a motion for leave to file a supplemental hearing transcript in support of its motion for reconsideration (Dkt. 102). The Court grants the motion and considers the transcript in its analysis of the motion.

[2] Fishman was later charged with similar offenses in Oakland County and Ingham County. See Def. Suppl. Br. at 5 (Dkt. 88); Oakland County Plea Agreement (Dkt. 88-3); Ingham County Records Search (Dkt. 88-4). The charges were related to allegations that Fishman engaged in a criminal enterprise to forge proofs of service and affidavits of service of summons of complaints for his own financial gain. Def. SOMF ¶ 17.

a psychologist, Dr. Michael Abramsky, as his treating physician, whom he had begun seeing the week after Berkshire issued the policy. Def. SOMF ¶¶ 25, 28; Abramsky Dep. at 11–13 (Dkt. 68).

Upon receiving Fishman's disability claim, Berkshire began an investigation of the claim and policy. Def. SOMF ¶ 29; Kelly Aff. ¶ 7 (Dkt. 66)). In December 2021, after completing the investigation, Berkshire sent a notice of recission to Fishman, the basis for which was that Fishman had made false statements and misrepresentations throughout the application process. Notice of Recission at PageID.1662–1671 (Dkt. 66). The notice of recission stated that Fishman's disability claim was "not payable because based on the information currently in our file, the Company has rescinded [the policy]." Id. at PageID.1671.

On February 12, 2024, Fishman signed a plea agreement in Oakland County, pleading no contest to the felony forgery counts against him there. Oakland County Plea Agreement (Dkt. 88-3). Pursuant to that agreement, Fishman agreed to "resign his license to practice law within two business days of pleading guilty" and agreed that he would "not reapply for licensure to practice law in the State of Michigan for a period of 10 years from the date he enters his plea." Id. at PageID.2712. Fishman also pleaded guilty to forgery and obstruction of justice in Genesee County, see Genesee County Court Record (Dkt. 90-1), and no contest in Ingham County to subornation of perjury, see Def. Suppl. Br. at 8 (citing Ingham County Records Search (Dkt. 88-4)).

Fishman filed this action in May 2022, claiming that Berkshire was in breach of the policy. See Compl. (Dkt. 1). Berkshire counterclaimed for recission and for a declaratory judgment that the policy is null and void and that Berkshire has no obligation or liability thereunder. See Counterclaim. The parties then both filed motions for summary judgment, which the Court denied. See 9/26/24 Op. & Order. Berkshire then filed the instant motion for partial reconsideration.

## II. ANALYSIS

Motions for reconsideration of non-final orders are disfavored and may be brought only in certain enumerated circumstances. E.D. Mich. L.R. 7.1(h)(2). Berkshire brings its motion for partial reconsideration pursuant to Local Rule 7.1(h)(2)(A), which allows for reconsideration where "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." See Mot. for Reconsideration at 4–5. Specifically, Berkshire argues that the Court was mistaken in finding that Berkshire had waived its right to deny coverage to Fishman under the policy. See id. at 4–15.

In its briefing on the motions for summary judgment, Berkshire argued that Fishman could not recover under the policy because the contract had been properly rescinded due to material misrepresentations made by Fishman during the application process. See Def. Mot. for Summ. J. at 20–31. But in the event the Court did not find the policy to have properly been rescinded, Berkshire argued, coverage was still not owed because (i) Fishman's disability is excluded under the terms of the policy, and (ii) Fishman cannot establish that he has suffered a total disability, as required for coverage under the policy terms. Id. at 31–33. The Court found that the there was a question of fact as to whether the contract had properly been rescinded. 9/26/24 Op. & Order at 5–15. The Court also found that Fishman has established that he had suffered a total disability, at least at the point at which he requested coverage. Id. at 15–20.

Berkshire seeks reconsideration of the Court's ruling on Berkshire's policy exclusion defense, premised on a provision excluding benefits for any disability:

- Caused by, contributed to by, or which results from, Your commission of, or any attempt to commit, a felony as defined under local, state, or federal law; or

4

- Caused by, contributed to by, or which results from, Your being engaged in an illegal occupation; or

- Caused by, contributed to by, or which results from, any suspension, revocation, restriction, inactivation, surrender, or the like, of Your professional or occupational license or certification.

Policy at PageID.1532. The Court found that Berkshire had waived its right to argue that this so-called felony exclusion precluded Fishman from recovering because (i) Berkshire did not raise this exclusion in its affirmative defenses, and (ii) Berkshire did not meet the requirements for being permitted to raise the defense as late as it ultimately did. 9/26/24 Op. & Order at 16–18. Berkshire argues that the Court was mistaken on both grounds.

The Court considers each argument against waiver in turn and finds that reconsideration is not warranted.

**A.    Affirmative Defenses**

Berkshire argues that its answer and affirmative defenses gave sufficient notice to Fishman of its intention to rely on the felony exclusion. Mot. for Reconsideration at 5–6. Berkshire's third affirmative defense reads: "Plaintiff is precluded from recovering any relief sought under the terms, conditions, limitations, and exclusions of [the policy]." Answer and Affirmative Defenses (Dkt. 15). Berkshire also notes that Fishman pleaded in his complaint that "[n]o exclusions bar coverage for Plaintiff's claim under the Policy," and that Berkshire denied that assertion. Id. Under controlling case law, Berkshire argues, this is sufficient to Berkshire to assert and rely on its affirmative defense as to exclusions. Id. at 6–7. The Court disagrees.

Under Michigan law, "'[r]eliance on an exclusionary clause in an insurance policy is an affirmative defense[.]'" Gemmell v. Encompass Indem. Co., No. 18-cv-11257, 2019 WL 3892403, at *3 (E.D. Mich. Aug. 19, 2019) (quoting Shelton v. Auto-Owners Ins. Co., 899 N.W.2d 744, 749 (Mich. Ct. App. 2017)). Under Federal Rule of Civil Procedure 8(c)(1), "[i]n responding

5

to a pleading, a party must affirmatively state any avoidance or affirmative defense." "As a result, failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case." Lorenz v. Lorenz, No. 20-cv-13128, 2021 WL 3612294, at *2 (E.D. Mich. July 29, 2021) report and recommendation adopted, No. 20-cv-13128, 2021 WL 3603375 (E.D. Mich. Aug. 13, 2021); see also Baker v. Marshall, 919 N.W.2d 407 (Mich. Ct. App. 2018) (finding an insurer to have waived an argument that coverage under a policy was precluded by an exclusion where the insurer did not include the exclusion in its affirmative defenses). The Sixth Circuit has held that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006) (punctuation modified).

In its motion for reconsideration, Berkshire argues that its third affirmative defense meets the fair-notice standard. See Mot. for Reconsideration at 5–7; Reply at 2–3. Berkshire's theory appears to be that stating that Fishman was precluded from recovering "under the terms, conditions, limitations, and exclusions" of the policy provided Fishman with fair notice that Berkshire planned to argue that the specific felony exclusion applied. In support of its argument, Berkshire cites Montgomery v. Wyeth, 580 F.3d 455 (6th Cir. 2009). See Mot. for Reconsideration at 6–7; Reply at 2–3. In Montgomery, the Sixth Circuit found that the defendants had sufficiently pleaded a statute of repose defense where their answer stated that the plaintiff's "causes of action are barred in whole or in part by the applicable statues of limitations and repose" and their affirmative defenses included the "the defenses of the Tennessee Products Liability Act of 1978, as codified in [Tenn. Code Ann.] §§ 29–28–101 through 108." Montgomery, 580 F.3d at 467–468. In response, Fishman argues that the affirmative defense in Montgomery is distinguishable from the affirmative defense at issue here. Resp. at 10–11. The Court agrees with Fishman.

For one thing, the affirmative defense in Montgomery notified the plaintiff that the defendant was relying on a range of eight provisions in a specific statute—the Tennessee Statue of Repose. Here, Berkshire notified Fishman only that it would be relying on "all terms, conditions, limitations, and exclusions" in the policy. Additionally, in its answer, the defendant in Montgomery specifically stated that the plaintiff's causes of action were "barred in whole or in part by the applicable statutes of limitations and response." Montgomery, 580 F.3d at 467–468. By disclosing the nature of the affirmative defense, the pleading in Montgomery gave far more notice to the plaintiff than Berkshire's answer gave to Fishman.

Neither party has provided the Court with Sixth Circuit case law addressing how specific an affirmative defense must be in order to put a plaintiff on notice of an insurer's intention to rely on a particular policy exclusion. But other courts have examined conclusory language in affirmative defenses filed by insurers and found it inadequate to preserve the invocation of specific exclusions.

In Williamson v. Amica Mut. Ins. Co., No. 3:23-cv-01203, 2024 WL 2044747, at *1 (D. Conn. May 8, 2024), the court struck affirmative defenses that asserted the plaintiff had failed to comply "with the terms and conditions of the Policy" and were barred "by the relevant exclusions, endorsements, terms, conditions, and/or other provisions of the . . . Policy." It found such pleading "legally insufficient," as it "lack[ed] any indication as to which provisions of the Insurance Policy bar[red] or limit[ed] [the] plaintiff's claim." Id. at *2. The court explained that, "[w]ithout reference to any specific provisions, the plaintiff does not have sufficient notice as to the bases of [the insurer's] defenses." Id. Similarly, in W. Tex. Agriplex v. Mid-Continent Cas. Co., No. 5:03-cv-199-C, 2004 WL 1515122, at *8 (N.D. Tex. July 7, 2004), the court found the conclusory language in the affirmative defenses stating that the insured was barred from coverage by the

7

"terms . . . conditions . . . and exclusions . . . under the Agreement" was inadequate to notify the insured of reliance on "the specific exclusions" of the policy.

The Court finds the reasoning in these cases persuasive. Berkshire's reference to all "terms, conditions, limitations, and exclusions" did not delineate the specific exclusions that Berkshire was invoking. The reference fell far short of providing Fishman with fair notice that Berkshire intended to argue for the application of the felony exclusion.

Finally, the allegation in the complaint that "[n]o exclusions bar coverage for Plaintiff's claim under the Policy" and Berkshire's denial of that assertion have no bearing on whether Berkshire adequately raised the exclusion in its answer and affirmative defenses. Under Michigan law, "the insurer bears the burden of proving that an exclusion precludes coverage." Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Comm'rs, 53 F.4th 1014, 1024 (6th Cir. 2022) (citing Pioneer State Mut. Ins. Co. v. Dells, 836 N.W.2d 257, 263 (Mich. Ct. App. 2013)). Fishman did not have to plead that no exclusions precluded coverage for his claim. The fact that he chose to do so does not change the fact that Berkshire did not specifically identify the exclusions upon which it would rely and on which it had the burden of proof.

### B. Prejudice

"A district court may allow a defendant to raise an untimely affirmative defense if doing so does not result in surprise or prejudice to the plaintiff." Qandah v. Johor Corp., No. 20-1991, 2021 WL 5446767, at *5 (6th Cir. Nov. 22, 2021) (punctuation modified). "Whether or not a court will find prejudice depends in large part on the amount of time a party had to bring the affirmative defense and its reason for not doing so earlier." Rogers v. I.R.S., 822 F.3d 854, 864 (6th Cir. 2016).

In its prior opinion, the Court found that Fishman would be prejudiced if Berkshire were allowed to raise the exclusion at this stage in the litigation. 9/26/24 Op. & Order at 17–18. The Court noted that that Berkshire first raised the defense in its motion for summary judgment, which was filed in December 2023—almost nineteen months after Fishman filed his amended complaint. Id. at 17.

Berkshire argues that the Court was mistaken in finding that Berkshire raised the defense for the first time in the motion for summary judgment, arguing that Berkshire had raised it as early as June 2023. See Mot. for Reconsideration at 9–10. Berkshire points first to Fishman's motion for a protective order, filed on June 20, 2023, which included a quotation from an e-mail sent by Berkshire's attorney on June 9, 2023 to Fishman's attorney, stating in part: "Berkshire's affirmative defenses include an affirmative defense based on exclusions in the policy, which included a felony exclusion." Id. (citing Mot. for Protective Order at PageID.554 (Dkt. 39)). Second, Berkshire points to its motion to stay the litigation during the pendency of the criminal litigation against Fishman—filed June 22, 2023— in which Berkshire stated: "Fishman alleges no exclusions bar coverage for his claim under the Policy. However, the Policy contains several exclusions which do or may apply based on the facts already known or which will be adduced once discovery of the full criminal proceedings are [sic] acquired." Mot. for Reconsideration at 10 (citing Mot. to Stay at PageID.705 (Dkt. 43)). Berkshire also filed a transcript of the hearing on its motion to stay (held on July 6, 2023) in which Berkshire's counsel specifically noted the potential applicability of the felony exclusion. See 7/6/23 Hr'g Tr. at 4–5, 14–16 (Dkt. 102-1).

The Court acknowledges that these citations demonstrate that Fishman had knowledge of Berkshire's intention to raise the felony exclusion in June 2023, as opposed to December 2023.

9

However, even taking into account this earlier date for Fishman's knowledge does not change the outcome of the prior decision, as required for reconsideration under Local Rule 7.1(h)(2)(A).

Fishman would still have been prejudiced finding out about the exclusion in the June 9 email from counsel, as discovery was set to close less than three weeks later, on June 30. The initial scheduling order, issued almost a year earlier in July 2022, set the discovery deadline as April 4, 2023. 7/26/22 Order (Dkt. 22). In March and May of 2023, the Court entered two stipulated orders submitted by the parties, extending the discovery deadline first to May 31, 2023, and next to June 30, 2023. See 3/2/23 Order (Dkt. 34); 5/26/23 Order (Dkt. 38). While Berkshire is correct that summary judgment motions were not yet due, discovery was essentially complete when it articulated for the first time that it would rely on the felony exclusion.

Berkshire cites Lorenz v. Lorenz, 2021 WL 3612294, at *2 for its statement that "[a] defendant does not waive a defense if it raised it with pragmatically sufficient time and does not prejudice the plaintiff in its ability to respond." Mot. for Reconsideration at 11. But, in Lorenz, the affirmative defense at issue was raised in a motion to dismiss and no period of discovery had begun, much less been substantially completed. Here, the Court cannot agree that Berkshire's revelation that it was invoking the felony exclusion less than three weeks before the close of a year-long discovery period constitutes "pragmatically sufficient time."

Berkshire also cites Rogers, 822 F.3d 854, to support its argument that the Court should not have found that Fishman was prejudiced by Berkshire's late raising of the felony exclusion. Mot. for Reconsideration at 11–12. In Rogers, the court found no prejudice where the defendant allowed litigation to proceed for fifteen months before raising its defense. Rogers, 822 F.3d at 857. But the Rogers court explained that this conclusion was based on its findings that (i) the plaintiff had already received the documents he was seeking through document production, and

10

(ii) the affirmative defense put an end to litigation—meaning the plaintiff did not have to expend any additional resources due to the late assertion of the defense. See id.³

Berkshire argues that the assertion of the felony exclusion similarly "puts an end to the litigation." Mot. for Reconsideration at 13. The Court disagrees. The exclusion precludes coverage for any disability "caused by, or contributed to by, or which results from, [claimant's] commission of, or attempt to commit, a felony as defined under local, state or federal law." Mot. for Reconsideration at 13. Fishman's convictions are not dispositive, because the exclusion is triggered by the felonious conduct, not a conviction. Berkshire has so far not provided any evidence indicating that Fishman's disability was caused by his engagement in criminal activity. In fact, Berkshire's theory in the summary judgment briefing—and Fishman's, as well—appeared to be that it was the investigation into the criminal activity and subsequent legal proceedings, not the criminal activity itself, that caused the disability. See Def. Mot. for Summ. J. at 32–33 ("To the extent Plaintiff suffers from any psychological conditions making him unable to work, they are a result of the indictment pending against him and he did not seek treatment until after he was charged"); see also Def. Suppl. Br. at 13. It is not implausible that Fishman would spend significant resources defending against the exclusion, both in terms of additional discovery and preparing for trial. Berkshire's late revelation of the exclusion will not put an end to the case and

---

³ Berkshire also notes that the Rogers court pointed out that the plaintiff was a sophisticated party and represented by counsel. Mot. for Reconsideration at 11–12 (citing Rogers, 822 F.3d at 857). However, the reason it was relevant in Rogers is that the defendant's affirmative defense was related to a prior settlement agreement signed by the parties, and plaintiff's counsel had also represented the plaintiff regarding that settlement agreement. Therefore, the Rogers court found that plaintiff's counsel should not have been surprised to see the settlement agreement raised as a defense. Rogers, 822 F.3d at 857. The Court does not find that, in the case at hand, Fishman's sophistication or his representation by counsel means that he could not have been surprised by the exclusion when it was raised.

cure the lost opportunity to take discovery regarding the exclusion.

An overarching defect in Berkshire's position is that Berkshire has not satisfactorily explained why it waited until June 2023—a few weeks before the close of year-long discovery—to raise the exclusion. In its motion, Berkshire argues that the exclusion could not have barred coverage "until Plaintiff was convicted of felonies"—which occurred in February and May 2024—and that Berkshire should not be "estopped from asserting defenses of which it had no knowledge at the time benefits were denied." Mot. for Reconsideration at 13 (citing City of Sterling Heights v. United Nat. Ins. Co., No. 03-72773, 2005 WL 5955829, at *6 (E.D. Mich. Feb. 11, 2005).

But as the Court explained above, Fishman's convictions do not answer the question of whether the exclusion applies. As soon as Berkshire knew both that Fishman was claiming a disability and that he had been charged with behavior that was alleged to be felonious, Berkshire would have had the information it needed to assert this defense. Yet at no point during the pleadings stage or in the year between the filing of its affirmative defenses and when it noted the exclusion in its motion to stay in June 2023 did Berkshire seek leave to amend its affirmative defenses to include the exclusion.[4]

Finally, while a district court <u>may</u> allow a defendant to raise an affirmative defense for the first time in a motion for summary judgment, that decision is left to the district court's discretion. Rogers, 822 F.3d at 856. The lack of fair notice, the fact of prejudice, and Berkshire's unexplained dilatoriness all support disallowing late invocation of the felony exclusion.

---

[4] Berkshire's contention that it could not invoke the felony exclusion until Fishman's convictions in February and May of 2024, see Mot. for Reconsideration at 13–14, is also puzzling because it is inconsistent with its contention that the exclusion was invoked by way of its third affirmative defense, which was filed in July 2022, see id. at 6–7.

### C. Berkshire's Other Arguments

Berkshire makes two additional arguments as to why the Court made a mistake in finding waiver, neither of which the Court finds persuasive.

First, Berkshire argues that the Michigan Supreme Court's decision in Kirschner v. Process Design Assoc., 592 N.W.2d 707 (Mich. 1999), stands for the proposition that the doctrine of waiver does not apply to risks that were expressly excluded from the policy. Mot. for Reconsideration at 7. In Kirschner, the court stated that "[t]he application of waiver and estoppel is limited, and, usually, the doctrines will not be applied to broaden the coverage of a policy to protect the insured against risks that were not included in the policy or that were expressly excluded from the policy." Kirschner, 592 N.W.2d at 709–710. Berkshire argues in its motion for reconsideration that Kirschner "indicates the Court's application of waiver was a mistake because it applies to both a claim of waiver by claim and a claim of waiver in litigation." Mot. for Reconsideration at 7.

But Berkshire does not explain how Kirschner applies to a claim of waiver in litigation. The court's statements in Kirschner arose in the context of a coverage denial letter. There was no argument in that case that the insurer in the case had failed to raise the exclusion during litigation, much less in the context of its affirmative defenses. Berkshire has not pointed the Court to—and the Court has not seen—any case in which the Kirschner rule is applied in the context of an argument that an exclusion was waived for failure to include it in a list of affirmative defenses.

In fact, in Newby Int'l, Inc. v. Nautilus, 112 F. App'x 397, 405–406 (6th Cir. 2004), the plaintiff argued that the defendant should be precluded from asserting two exclusions because (i) the defendant failed to mention them in its reservation of rights letters, and (ii) the defendant failed to mention them specifically in its list of affirmative defenses. When addressing the reservation

of rights letter, the court cited Kirschner, but it did not cite Kirschner as applicable to the argument regarding the affirmative defenses.

Second, Berkshire argues that, because Fishman "did not support his waiver in litigation claim with any argument of prejudice or any case law until his reply, it was a mistake for the Court to consider that argument at such a late stage." Mot. for Reconsideration at 9. Berkshire cites Teamsters Local 243 v. DHT Transp., No. 05-cv-71700, 2007 WL 3026096, at *2 (E.D. Mich. Oct. 12, 2007) in support of this argument. But what the court found in Teamsters was that "it was not proper for [p]laintiff to invoke relief pursuant to a different rule of civil procedure or a different legal theory in its reply brief." Id. Fishman did not raise its legal theory of litigation waiver for the first time in his reply. Fishman raised this legal theory in his motion for summary judgment, stating that Berkshire "clearly waived [its policy defenses] in discovery" and noting the general nature of Berkshire's third affirmative defense. See Pl. Mot. for Summ. J. at 13–14. While Fishman did not include supporting case law until his reply brief, Berkshire provides no support for the proposition that a party is not allowed to further develop an already-introduced legal theory in its reply brief.

### III. CONCLUSION

For the reasons explained above, the Court denies Berkshire's motion for partial reconsideration (Dkt. 96).

SO ORDERED.

Dated: January 12, 2025　　　　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge